**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CYNTHIA HUNT PRODUCTIONS, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0170 |
| | § | |
| EVOLUTION OF FITNESS HOUSTON | § | |
| INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**
**ON MOTION FOR ATTORNEYS' FEES**

In this copyright infringement action, Cynthia Hunt Productions, Ltd. ("CHP") alleged that Evolution of Fitness Houston, Inc. ("Evo") infringed on CHP's copyrights by displaying a copyrighted video, graphic loader, and photographs on Evo's website. (Docket Entry No. 1). This court entered a preliminary injunction enjoining such display because Evo had not paid for the right to use the materials. CHP then moved for summary judgment. (Docket Entry No. 29). Evo did not respond. In its motion, CHP sought statutory damages in the amount of $750,000 for the infringement of the video and photographs, attorneys' fees, and a permanent injunction under the Copyright Act, 17 U.S.C. § 101, *et seq.* This court granted CHP's motion, entered a permanent injunction, and awarded $6,246.45 in statutory damages, three times the invoiced costs of the video and photographs. CHP was ordered to supplement its support for attorneys' fees, which it has now done.

As a prevailing party, CHP may recover its costs and attorneys' fees under the Copyright Act, which provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.  An award of attorneys' fees in copyright cases is discretionary.  Attorneys' fees are "'the rule rather then the exception and should be awarded routinely.'"  *Hogan Systems, Inc. v. Cybresource Intern., Inc.*, 158 F.3d 319, 325 (5th Cir. 1998) (quoting *McGaughey v. Twentieth Century Fox Film Corp.*, 12 F.3d 62, 65 (5th Cir. 1994)).  Attorneys' fees are not mandated in every case but rather "are to be awarded to prevailing parties only as a matter of the court's discretion," when such an award would "encourage the production of original literary, artistic, and musical expression for the good of the public."  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).  As with all fee petitions, the moving party has the burden of demonstrating that its fee request is reasonable.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.1990).

CHP has submitted an affidavit by Thomas W. Sankey, counsel for CHP, setting out the qualifications, experience, hourly rates, and responsibilities of the lawyers who worked on the case.  (Docket Entry No. 34, Ex. A).  A detailed listing of the specific work the lawyers did on the case is attached.  Mr. Sankey has also attached a survey of rates to support the reasonableness of the hourly rates charged in this case.  The documents show that CHP

2

incurred $60,822.50 in attorneys' fees.  Mr. Sankey spent 38.90 hours on this case at an hourly rate of $450.00.  Mr. Sankey is an experienced lawyer specializing in intellectual property and complex business litigation.  Another experienced intellectual property lawyer, Mr. Luck, spent two hours on the case at an hourly rate of $550.00.  Two associates, Mr. Bundren and Mr. Weideman, spent 100.70 and 71.90 hours on the case, respectively, billing at rates of $255.00 and $230.00 per hour.  The difference in rates reflects their respective experience as second and first year associates.  The amount of time they billed reflects the appropriate delegation of significant amounts of time-consuming work to less experienced – and less expensive – lawyers.

A court must determine which party has "prevailed"; decide whether the prevailing party should receive fees; and, if so, calculate a "lodestar," which represents a reasonable number of hours expended on successful claims multiplied by a reasonable hourly rate. *Hensley,* 461 U.S. at 433; *see also Washington v. Phila. County Ct. of C.P.*, 89 F.3d 1031, 1035 (3d Cir.1996).  The court may further adjust this lodestar based on what is "reasonable under the circumstances" of the specific case.  *Lieb v. Topstone Indus.*, 788 F.2d 151, 156 (3d Cir. 1986).  In this final adjustment, the most important factor is the "degree of success obtained," *Hensley*, 461 U.S. at 436, but additional factors may also apply.  *Lieb*, 788 F.2d at 156.

CHP is clearly the prevailing party in this case.  An award of fees is appropriate.  *Lieb v. Topstone Industries*, 788 F.2d at 156.  Fees are not to be awarded simply as "a concomitant to prevailing in every case," *id*., and bad faith by the losing party is not a prerequisite to a fee

award.  A district court has broad discretion in deciding whether to award attorneys' fees in a copyright action.  *Id.* at 155-56.  Courts have identified four nonexclusive factors to guide a district court in exercising its discretion:  (1) frivolousness; (2) motivation; (3) objective unreasonableness (both in the factual and legal components of the case); and (4) the need, in a specific case, for either compensation or deterrence.  *Id*. at 156.  These factors are nonexclusive; not every factor must weigh in favor of the prevailing party for that party to receive fees.  *Id*.

In this case, the parties did not act frivolously and were not improperly motivated. The issues arose from a business dispute as to what services and products were to be provided at what price.  The plaintiff sought to vindicate its valid copyright, *see Diamond Star Bldg. Co. v. Freed*, 30 F.3d 503, 506 (4th Cir.1994) (refusing to use motivation as factor where no evidence suggested that losing party "was acting maliciously or in bad faith") and the defendants sought to avoid paying amounts they believed to be excessive and beyond their contractual agreement.  Similarly, neither legal  nor factual unreasonableness is present on this record.

Another factor in determining whether an award of fees is appropriate is whether a fee award is necessary either to compensate the prevailing party, deter the losing party, or both. *See Lieb*, 788 F.2d at 156.  Compensation "helps to ensure that all litigants have equal access to the courts to vindicate their statutory rights. It also prevents copyright infringements from going unchallenged where the commercial value of the infringed work is small and there is no economic incentive to challenge an infringement through expensive litigation." *Quinto*

*v. Legal Times of Wash., Inc.*, 511 F.Supp. 579, 581 (D.D.C. 1981); *see also Oboler v. Goldin*, 714 F.2d 211, 213 (2d Cir. 1983) (awarding attorneys' fees "assures equal access to courts [and] provides an economic incentive to challenge infringements"); *A & N Music Corp. v. Venezia*, 733 F.Supp. 955, 959 (E.D. Pa. 1990) (same).

The plaintiff in this case is a small company. Although it sought large damages, the actual damages were relatively modest. Without some attorneys' fees award in such cases, copyright protection would be effectively precluded because of the high cost of litigation. *See Original Appalachian Artworks, Inc. v. J.F. Reichert, Inc*., 658 F. Supp. 458, 466 (E.D. Pa.1987) (awarding attorneys' fees in part because it "helps to ensure that all litigants have equal access to the courts to vindicate their statutory rights" notwithstanding their size); *see also M.S.R. Imports, Inc. v. R.E. Greenspan Co.*, Civ. A. No. 81-3223, 1983 U.S. Dist. LEXIS 17397, at *45-46, 1983 WL 1778, at *16 (E.D. Pa. Apr. 27, 1983) (awarding attorneys' fees to compensate small business copyright owner in part because "[t]he copyright laws serve to protect the rights of the creator and the author of original works whether such works are of great or relatively modest monetary value"). An award of fees is not necessary, however, to deter the defendants from repeating their actions. Deterrence is taken into account in part in the imposition of statutory damages, and an injunction is in place.

The lodestar calculation is performed in the plaintiff's submission. The hourly rates are supported and are reasonable. The number of hours expended are reasonable for the litigation. There is no unnecessary duplication, and there is an appropriate delegation of work to associates with less experience and lower rates.

5

The final issue is whether the lodestar amount of $60,822.50 should be adjusted. Courts have recognized five possible bases for reducing the lodestar. The first and most important permits a district court to reduce the ultimate fee awarded in light of the degree of success achieved by the prevailing party. *Hensley,* 461 U.S. at 436; *see also Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 790 (U.S. 1989). In copyright cases, four other potential grounds for lodestar adjustments have been identified: the relative complexity of the litigation; the relative financial strength of the parties; the damages awarded; and whether the losing party acted in bad faith. *Lieb,* 788 F.2d at 156.

If "a plaintiff has achieved only partial or limited success," the lodestar "may be an excessive amount. This will be true even when the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Hensley,* 461 U.S. at 436. The "most critical factor" in determining the size of a fee award is "the degree of success obtained." *Id*; *see also Washington*, 89 F.3d at 1042 (calling it a "settled principle . . . that counsel fees should only be awarded to the extent that the litigant was successful"). "There is no precise rule or formula for making these determinations," and if the court makes a downward adjustment for partial success, it "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Hensley*, 461 U.S. at 436-37.

One method for measuring a prevailing party's success is to consider the amount of damages awarded compared to the amount of damages requested. *Farrar v. Hobby*, 506 U.S. 103, 114 (1992); *Washington,* 89 F.3d at 1042 (noting that "[t]he amount of damages

6

awarded, when compared with the amount of damages requested, may be one measure of how successful the plaintiff was in his or her action"). When plaintiffs have received far less damages than they originally sought, courts have often reduced the lodestar. *See, e.g., Washington*, 89 F.3d at 1043 (reducing fee by fifty percent in part because damages award amounted to less than four percent of the damages demanded); *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 629 (4th Cir. 1995) (upholding lodestar reduction from $9,783.63 to $500.00 because damages award "was a mere five percent of the amount of statutory damages [plaintiff] initially sought"); *Sheffer v. Experian Info. Solutions, Inc.*, 290 F. Supp. 2d 538, 551 (E.D. Pa. 2003) (reducing lodestar by more than two-thirds when plaintiff sought $300,000 in damages but was awarded only $1,000); *Hall v. Am. Honda Motor Co.*, Civ. A. No. 96-8103, 1997 U.S. Dist. LEXIS 18544, at *11, 1997 WL 732458, at *4 (E.D. Pa. Nov. 24, 1997) (reducing fee award by ten percent when the judgment was only eight percent of the damages sought by plaintiff); *Hilferty v. Chevrolet Motor Div. of Gen. Motors Corp.*, Civ. A. No. 95-5324, 1996 U.S. Dist. LEXIS 7388, at *24-25, 1996 WL 287276, at *5-7 (E.D. Pa. May 30, 1996) (reducing fee award by approximately two-thirds when plaintiff recovered less than eight percent of damages sought).

In this case, CHP initially sought damages in the amount of $750,000. The court awarded a total of three times the actual damages, $6,246.45, in statutory damages, in addition to an injunction. The limited success obtained on the requested damages justifies a reduction to the lodestar. *Hensley*, 461 U.S. at 436. Given the disparity between the damages ultimately awarded and those originally sought, the lodestar is appropriately

reduced by one-half, from $60,822.50 to $30,411.25.  The resulting amount meets the compensatory and other goals of the statute.

None of the other grounds for adjusting the lodestar apply here.  The litigation was not complex.  Both parties are new small businesses; the parties' "relative financial strength," is not a basis for further reducing the lodestar amount.  There is no reason to increase the lodestar in light of damages awarded and there is no basis for a bad-faith finding.

The motion for attorneys' fees under 17 U.S.C. § 505 is granted as set out above. Attorneys' fees are awarded in the amount of $30,411.25.

SIGNED on October 18, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge